**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI**

AFRAH THABET, a U.S. Citizen,

  Plaintiff,

  7711 Wellington Ave
  St. Louis MO 63130

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

UNITED STATES DEPARTMENT OF
STATE,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

EMBASSY OF THE UNITED STATES,
SANA'A, YEMEN,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

Case No. 1:18-cv-37

KIRSTJEN NIELSEN, Secretary of the
Department of Homeland Security,

Serve:  Office of the General Counsel
            Department of Homeland Security
            Mail Stop 3650
            Washington, D.C. 20528

L. FRANCIS CISSNA, Director of the
United States Citizenship and Immigration
Services,

Serve:  U.S. Citizenship & Immigration
            Services
            425 I. Street, N.W., Room 6100
            Washington, D.C. 20536

CHESTER MOYER, Director of the St.
Louis Field Office of the United States
Citizenship and Immigration Services,

Serve:  Mr. Chester Moyer
            USCIS
            1222 Spruce St., Suite 2.205
            St. Louis, MO 63103

and,

REX TILLERSON, United States Secretary
of State,

Serve:  U.S. Department of State
            2201 C Street NW
            Washington, DC 20520

    Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S SPOUSE VISA APPLICATION

COMES NOW Plaintiff Afrah Thabet to respectfully request a hearing before this Honorable Court to issue a writ of mandamus compelling Defendants to adjudicate the long-delayed spouse visa application filed by Plaintiff on behalf of her foreign-born spouse.

## PARTIES

1.  Plaintiff Afrah Thabet is a U.S. citizen.

2.  Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

3.  Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file spouse visa application.

4.  Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Nairobi, Kenya, and which is responsible for implementing the immigrant visa provisions of the law.

5.  Defendant Embassy of the United States in Sana'a, Yemen (hereinafter

sometimes referred to as "the Sana'a Embassy") is a component of the DOS that is responsible for processing spouse visa applications and implementing federal immigration law.

6.  Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS.  Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Nielsen is sued in her official capacity as an agent of the government of the United States.

7.  Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS.  Cissna is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cissna is sued in his official capacity as an agent of the government of the United States.

8.  Defendant Chester Moyer, Director of the St. Louis Field Office of the USCIS, is the highest ranking official within the St. Louis Field Office.  Moyer is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Moyer is sued in his official capacity as an agent of the government of the United States.

9.  Defendant Rex Tillerson, Secretary of State, is the highest ranking official within

the DOS.  Tillerson is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Tillerson is sued in his official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

10. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

11. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Defendants maintain their offices within this district.

12. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to the I-130 spouse-based visa application.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Federal law provides that because Afrah Thabet is a U.S. citizen, she is entitled to file an I-130 application through Defendant USCIS to bring her husband to the United States and to obtain lawful permanent resident status for him.

14. The spouse of Afrah Thabet, Mr. Mohammed Aldhaheri, is a Yemeni citizen. Yemen is a predominantly Muslim country.  Mr. Aldhaheri is a Muslim.

15. Afrah Thabet filed an I-130 Petition for Alien Relative for her husband on November 27, 2015.

16. Afrah Thabet and Mohammed Aldhaheri have two U.S. citizen daughters, Alla Aldhaheri and Walla Aldaheri

17. Plaintiff paid all applicable filing and visa fees.  Defendants accepted and retained all fees paid by Plaintiff.

18. On December 29, 2016, Defendant Moyer and the St. Louis Field Office of USCIS sent Plaintiff an interview notice on her pending I-130 application for her husband.  The interview was set for February 23, 2017.

19. On February 3, 2017, without explanation, Defendant Moyer and the St. Louis Field Office of USCIS unilaterally cancelled the I-130 interview with Ms. Thabet.

20. Since that time, Defendants have refused to reschedule the interview or issue a decision on the case of Plaintiff's husband and he has never received a final adjudication of his visa application.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For her first claim for relief against all Defendants, Plaintiff alleges and states as follows:

21. Plaintiff realleges and incorporates by reference the foregoing paragraphs as

though fully set out herein.

22. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

23. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

24. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

25. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of adherents of Islam due to security concerns.

26. On information and belief, Plaintiff alleges that the DHS, USCIS, and Fairfax Field Office of the USCIS are intentionally delaying a response to the DOS in regard to the spouse visa application pursuant to the CARRP program.  Plaintiff alleges that this delay is due to the spouse being from a predominantly Muslim country.

27. Upon information and belief, Plaintiff alleges that the DOS is and has been complicit in the delay in processing the spouse visa application.

28. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

29. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiff—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

30. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

31. Plaintiff alleges that the spouse visa application has been in administrative processing beyond a reasonable time period for completing administrative processing of

his visa application.

32. The combined delay and failure to act on the spouse visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

33. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

34. Plaintiff has exhausted all administrative remedies available to her in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case with the USCIS, the State Department and the National Visa Center.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiff alleges and states as follows:

35. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

36. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

37. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

38. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by causing a loss of consortium between her and her husband and their daughter, a U.S. citizen, among other ways.  They have been denied the opportunity to begin their life together in the U.S. and to begin building a family.

## REQUEST FOR RELIEF

WHEREFORE Afrah Thabet requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's spouse visa application;

4. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6. That this Honorable Court take jurisdiction of this matter and adjudicate the

spouse visa application pursuant to this Court's declaratory judgment authority;

7.   That this Honorable Court issue a writ of mandamus compelling Defendants to complete the processing of both cases and to adjudicate both cases;

8.   That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action she may take to accelerate processing of the visa application;

9.   Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
this 7th day of January, 2018


***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Law Practice, LLC
34 N. Gore, Suite 101
St. Louis, MO 63119
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**